## IN THE MATTER OF K. KAJITA, a Bankrupt.

### October 21, 1904.

*Liability of Surety on Trustee's Bond:* Liability of surety extends to such expenditures of the funds of the bankrupt estate as become necessary as the immediate result of embezzlement by the trustee of funds of such estate, but not including the premium on the bond of the new trustee.

*Life of Trustee's Bond:* Trustee's bond does not become void on the first recovery, but continues in force for two years after the estate is closed, unless the amount thereof is previously exhausted.

In Bankruptcy: Submission.

DOLE, J. The trustee in this case having been removed on account of embezzlement of trust funds, the Pacific Surety Company of California, the surety on the bond of said trustee, joins with the new trustee of the said estate, Mr. Chas. R. Hemenway, in a submission for a decision of this court on the following questions:

First.—Is the said Surety Company liable under its bond to reimburse the above named estate for any sums in addition to actual amounts of money embezzled? And submits the followings facts affecting this question:

The present trustee has been obliged to pay out of the estate:
Attorney's fee allowed by the court in the matter of the

removal of the former trustee..................$25.00

Costs of court in the same matter .................. 9.00

Premium on bond of present trustee................12.50

Total . ...............................$46.50

The form of bond given by trustees in bankruptcy contains the following conditions:

"If the said..............trustee as aforesaid shall obey "such orders as said court may make in relation to said trust, "and shall faithfully and truly account for all moneys, assets, "and effects of the estate of said bankrupt which shall come "into his hands and possession, and shall in all respects faith- "fully perform all his official duties as said trustee, then this "obligation to be void; otherwise, to remain in full force and "virtue."

The condition of the bond being not only to account for all the moneys, assets and effects of the estate which come into the hands of the trustee, but also to, in all respects, faithfully per- form all his official duties as said trustee, it appears to me that the parties to the bond are liable not only for such moneys as have been embezzled, but also for such expenditures which have become necessary on account of and as the direct result of the failure of the trustee to fathfully perform all his official duties.

The item of $12.50 for premium on the official bond of the new trustee is probably too remote a result of the misconduct of the trustee to be made a charge against the surety. Such an expense would accrue on any occasion of filling such a vacancy, which migh be caused by the death or resignation of the trustee as well as by his removal. The other expenditures became nec- essary as the immediate result of the failure of the trustee to perform his official duties. In consequence thereof the parties to the bond are liable for the same, as well as the amount of money embezzled.

The second question is as follows:

Upon payment by the Surety Company of the ascertained loss to the estate, should the bond first given in this estate be cancelled of record?

The Bankruptcy Law (Section 50, Div. m), provides that suits upon trustees' bonds shall not be brought subsequent to two years after the estate has been closed. The implication of this provision is that suits may be brought upon such bonds at any time within two years after the estate has been closed,—unless, perhaps, the amount of the bond should have been exhausted by previous suits. The present liabilities of the parties to the bond on account of the misconduct of the trustee, consume but a small part of the amount of the bond. I can find no law directly on this question. I find, however, that the California Statute of Insolvency provides that "the bond shall not be void "upon the first recovery but may be sued upon from time to "time by any creditor aggrieved in his own name until the "whole penalty is exhausted." (Insolvency Act of 1880, Sec. 15). This refers to the bond of the assignee of an insolvent estate under that statute. Athough this statute has no authority with this court, yet it seems to suggest a reasonable rule of practice under the Bankrupt Act.

It appears to me, therefore, that the bond of the first trustee may not be cancelled of record but must stand until two years have elapsed after the estate has been closed.